OPINION OF THE COURT
Leslie E. Stein, J.
FINDINGS OF FACT
In this small claims proceeding, plaintiff seeks damages in *369 the amount of $2,978.75, representing damages to plaintiffs automobile allegedly caused by a collision with defendant’s vehicle.
Plaintiff testified that he was paged by a friend at approximately 2:30 a.m. on September 29, 1996, to inform him that his car had been hit. He contacted the police and was informed that a red Jeep had gone through a stop sign, hit two vehicles, including plaintiff’s, and left the scene. According to the police reports and towing reports, the red Jeep belonged to defendant.
Plaintiff further testified that the front end of the Jeep apparently came into contact with the rear end of plaintiff’s automobile, causing damage to the rear end, frame and under-body in the amount of $2,828.75. In addition, plaintiff testified that he incurred two towing charges of $150, car rental charges of $622.47 and further towing and storage fees in the amount of $615 as a result of the accident.
On cross-examination, plaintiff conceded that he did not have an opportunity to observe the Jeep. He also testified that the police had informed him that they had found the Jeep’s license plate a few blocks away from the scene of the accident. Finally, plaintiff testified that there was a witness to the accident but that said witness was not in court.
Plaintiff also called defendant as a witness. Defendant testified that his business, Hughes Opticians Inc., was the owner of a red 1992 Jeep Wrangler on the date of the accident and that this vehicle was used by four employees of the business to transport things to the laboratory. He stated that the regular hours of business were Monday, Wednesday and Friday from 9:00 a.m. to 5:30 p.m., Tuesday and Thursday from 9:00 a.m. to 7:00 p.m. and Saturday from 9:00 a.m. to 1:00 p.m. He further testified that the vehicle was generally parked in a municipal parking lot adjacent to the business.
According to defendant, an extra key to the Jeep was kept in a closed console between the two front seats for "emergencies”. He defined "emergencies” as the need to run an order to the laboratory during business hours when defendant or his son (who presumably each had keys) were not there. Defendant stated that he usually took the Jeep home at night, but that he did not do so on September 28, 1996. Instead, on that date, members of his family picked him up after work at approximately 1:00 p.m. and he left the Jeep unlocked in the parking lot, planning to pick it up the following morning. Although he assumed that the extra key was in the console, he *370 could not be certain. He further testified that he had left golf clubs in the vehicle in plain view.
Defendant testified that he discovered the Jeep stolen at approximately 1:00 p.m. the following day and that he was notified later that day that the vehicle had been found. According to defendant, the key was not in the ignition and he did not look for the extra key at that time. The golf clubs were still in the vehicle.
On cross-examination, defendant testified that he did not know if the spare key was used to steal the vehicle, but that that key was never recovered. He also testified that the only damage to the Jeep was that a ski rack on the rear was bent; the license plate was not missing, nor was he informed by the police that it had been replaced.
At the close of the proof, defendant’s attorney moved to dismiss the claim on two grounds. First, he argued that there was no proof, other than a police report, that defendant’s vehicle was the vehicle which struck plaintiff’s automobile and that a negative inference should be drawn based upon plaintiff’s failure to procure the testimony of the one eyewitness to the incident. He further asserted that the fact that the license plate was not missing from plaintiff’s Jeep was evidence that it was not the vehicle in question.
The second basis offered for dismissal was the Court of Appeals decision in Banellis v Yackel (49 NY2d 882). That case concerned an action to recover damages for injuries sustained by the plaintiff in an automobile accident involving a vehicle owned by defendant, but stolen before the accident. The Court of Appeals affirmed the decisions of the courts below dismissing the action on the basis of section 1210 (a) of the Vehicle and Traffic Law. That section provides, in relevant part, as follows: "No person * * * in charge of a motor vehicle shall permit it to stand unattended without * * * removing the key from the vehicle * * * provided, however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency”.
Plaintiff opposed defendant’s motion to dismiss on the basis that the police report and the fact that the accident occurred so close to where defendant’s vehicle was found a short time following the accident were sufficient proof that defendant’s vehicle was the vehicle which had struck plaintiff’s vehicle. Further proof was the fact that plaintiff’s vehicle was red and that red paint was observed on the rear of defendant’s vehicle.
*371 Secondly, plaintiffs attorney distinguished the Banellis case (supra) on the basis that the instant matter concerned a situation in which the theft occurred during hours in which defendant’s business was not in operation and, therefore, there was no need to keep the key in the vehicle "for convenience or emergency”. He further argued that the vehicle was left overnight in a municipal parking lot and that the golf clubs created an "attraction” to enter the vehicle. He also asserted that the fact that there was no damage to the ignition and that the spare key was not recovered constituted circumstantial evidence that the spare key was used to steal the vehicle. In sum, defendant argued that defendant was negligent and that his negligence was the proximate cause of plaintiffs damages.
Finally, at defendant’s request and with plaintiffs consent, the court viewed defendant’s vehicle following the close of the proof. In doing so, the court observed the dent to the bicycle rack in accordance with defendant’s testimony. The only other possibly relevant observation made by the court was that the bottom of the front license plate appeared to be bent under.
Based upon the undisputed evidence, the court finds that defendant routinely left a key to his company’s vehicle hidden from sight in a sealed console in a municipal parking lot adjacent to his business for the convenience and/or emergency use of his employees. The court further finds that, on September 28, 1996, defendant left said vehicle unlocked in the parking lot during nonbusiness hours, with a set of golf clubs in plain sight, and that someone used the key left in the console to drive the vehicle from that location.
Based upon all of the evidence, the court also finds that plaintiff has proved, by a preponderance of the evidence, that defendant’s vehicle struck plaintiff’s automobile during the early morning hours of September 29, 1996, causing damages in the amount of $2,978.75 (excluding car rental and storage charges which would bring plaintiff’s damages to an amount in excess of this court’s jurisdiction).
CONCLUSIONS OF LAW
In the Banellis case (supra), it was undisputed that the door to defendant’s vehicle was unlocked and that the ignition key was under a book lying on the front seat. The issue in that case, was the meaning of the term "hidden from sight”.
As set forth hereinabove, there is no dispute in the instant matter regarding whether the key was hidden from sight. Rather, the primary issue (aside from whether it was defen *372 dant’s vehicle which struck plaintiffs automobile) is whether the exception within Vehicle and Traffic Law § 1210 (a) is applicable when the keys are left and the vehicle is stolen during a period of time when it is not necessary "for convenience or emergency” (emphasis added). This court concludes that Vehicle and Traffic Law § 1210 (a) cannot reasonably be interpreted to relieve the owner of an automobile from liability for damages caused by that automobile when it is left unlocked and is driven by a third person, using key left therein, who has taken the vehicle at any time, even if such keys may at some times be left for convenience or emergency.
Thus, in the instant matter, had defendant’s vehicle been taken during defendant’s normal business hours, this court would be hard-pressed to impose liability on defendant herein. However, under the circumstances presented, this court concludes that, at the time the vehicle was taken, there was no convenience or emergency purpose for leaving the key in the unlocked vehicle in a municipal parking lot (with golf clubs readily observable), even if the key was hidden from sight, and that defendant was negligent in doing so.
Based upon the other findings set forth hereinabove, the court further concludes that defendant’s negligence was the proximate cause of plaintiffs damages. Accordingly, plaintiff is entitled to a judgment against defendant in the amount of $2,978.75 and judgment is hereby granted in that amount, with costs.